Ricky **HEGNA,** petitioner, Appellant,

v.

**STATE of Minnesota,** Respondent.

No. C7–82–761.

Supreme Court of Minnesota.

July 1, 1983.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Fred Kraft, County Atty., Austin, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Ricky Lynn Hegna, age 28, from an order of the Mower County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (1982). We affirm.

In 1976 petitioner picked up a 64-year-old recently widowed woman, who was walking to church, drove her to an abandoned farm and sexually assaulted and severely beat her. The beating resulted in damage to one of the victim's eyes, necessitating the surgical removal of the eye. A district court jury found petitioner guilty of charges of aggravated assault, Minn.Stat. § 609.225, subd. 1 (1976), and criminal sexual conduct in the second degree, Minn.Stat. § 609.-343(c), (e)(i) (1976). The trial court sentenced petitioner to a maximum term of 15 years in prison. We affirmed his conviction in *State v. Hegna*, 274 N.W.2d 504 (Minn. 1979). Petitioner was paroled to a chemical dependency treatment program in the fall of 1981 but was returned to prison after he absconded. Following the postconviction hearing, which resulted in the denial of his petition for resentencing, petitioner was again paroled. One week later he again absconded. According to records computed before his most recent absconding from parole, petitioner's sentence was scheduled to expire in February of 1987.

If the Sentencing Guidelines had been in effect at the time of the offenses, petitioner's criminal history score at the time of sentencing would have been one. The aggravated assault charge translates into a severity level VIII offense under the Guidelines. The presumptive sentence for such an offense by a person with a criminal history of one is an executed prison term of 54 months.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is a violent offender who, at the time of the hearing in the district court, had already failed on parole once. Since that time petitioner has again failed on parole. The record on appeal also indicates that petitioner still denies the sexual aspect of his assaultive conduct. Petitioner had the burden of overcoming all the negative factors and proving that his early release from the sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.